IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHAEL FORESTIER-FIGUEROA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 14-1023 (PG)
(CRIMINAL 10-321 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. PROCEDURAL HISTORY

Petitioner Michael Forestier-Figueroa, formerly a uniformed member of the Police of Puerto Rico, was indicted on September 9, 2010 in three counts of a four-count indictment in which another defendant, Juan Cruz-Ramos, was also indicted in a reverse sting operation. Petitioner was a uniformed member of the Police of Puerto Rico at the time of the acts alleged in the complaint.

Petitioner was charged in Count One in that on or about December 10, 2009, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, he and Cruz-Ramos did knowingly and intentionally combine, conspire, confederate, and agree together with each other and others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II)

CIVIL NO. 14-1023 (PG)                                    2
(CRIMINAL NO. 10-0321 (PG))

and 846. (Criminal No. 10-0321 (PG), Docket No. 2). Count Two of the indictment is a corresponding substantive charge under 18 U.S.C. § 2 and 21 U.S.C. § 841 (a)(1). The two defendants are charged in that they aided and abetted each other in their attempt to possess with the intent to distribute cocaine on December 10, 2009. Count Three charges petitioner with a firearms offense committed the same date, that is with knowingly possessing a firearm in furtherance of a drug trafficking crime as defined in Title 18, U.S.C. § 924(c)(2), that is, a violation of Title 21, U.S.C. §§ 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five kilograms or more a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, as charged in Counts One and Two of the Indictment herein, an offense, either of which may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A)[1].

Because of the particular circumstances of the case, the defendant was appointed counsel prior to the initial appearance. Petitioner was temporarily detained at the initial appearance on October 6, 2010 and was detained pending

---

[1] Policemen and women who are charged in this court with protecting drug transactions are typically charged in this fashion. See e.g. United States v. Diaz-Diaz, 433 F.3d 128, 131-32 (1st Cir. 2005); United States v. Sanchez-Berrios, 424 F.3d at 72; Bracero v. United States, 2015 WL 1098637 (D.P.R. March 11, 2015); Reyes-Velazquez v. United States, 2012 WL 4483679 (D.P.R. March 5, 2012); cf. United States v. Cortes-Caban, 691 F.3d 1 (1st Cir. 2012).

CIVIL NO. 14-1023 (PG)                              3
(CRIMINAL NO. 10-0321 (PG))

trial. (Criminal No. 10-0321 (PG), Docket No. 13). In the U.S. Magistrate Judge's Order of Detention, the following was noted:

> In addition to the evidence proffered as to the nature of the offense, the fact this defendant was a law enforcement [officer] at the time of the commission of the offense charged and the presumption of the charges, evidence of video recorded illegal activities and information to be provided by a confidential human source shows, this defendant's participation in providing escort to the presumed controlled substances and the payment of monies to this defendant for the security provided to the presumed narcotic dealers, while defendant was armed. For this reason, defendant faces the additional charge of firearms in furtherance of a drug trafficking activity in violation of Title 18, United States Code, Section 924(c). There was strong evidence in support of government's request for detention for being a danger to the community upon participating in a drug trafficking conspiracy and the firearm charge in furtherance of a drug trafficking offense.

(Criminal No. 10-0321 (PG), Docket No. 13 at 2-3).

After initially pleading not guilty to the charges on October 12, 2010, petitioner moved to change his plea on January 19, 2011. (Criminal No. 10-0321 (PG), Docket No. 45). Petitioner entered a guilty plea on January 31, 2011 as to Counts One and Three of the indictment. (Criminal No. 10-0321 (PG), Docket No. 55). The terms of the agreement called for holding petitioner accountable for at least 400 grams but less than 500 grams of cocaine, thus establishing a base offense level of 24, pursuant to U. S. S. G. § 2D1.1, and a 3-level reduction for acceptance of responsibility, pursuant to U. S. S. G. § 3E1.1(a). (Criminal No. 10-0321 (PG), Docket No. 55 at 5). The parties agreed to a recommendation at the

CIVIL NO. 14-1023 (PG)                                  4
(CRIMINAL NO. 10-0321 (PG))

higher end of the applicable guideline, which was 37-46 months.  This would mean 106 months (46 months for Count One and 60 months for Count Three to run consecutively to each other, assuming a Criminal History Category of I.   Count Three relates to the indictment and petitioner's pleading guilty to "possess[ing] a firearm in furtherance of a drug trafficking crime".  (Criminal No. 10-321 (PG), Docket Nos. 55 at 2).

Petitioner was sentenced on September 13, 2012 to 37 months as to the narcotics offense, to run consecutively to the 60 months provided for in the firearms offense.  (Criminal No. 10-0321 (PG), Docket Nos. 90, 94).  The remaining count was then dismissed, as provided for in the plea agreement.  No post-sentence motions followed but petitioner did file a notice of appeal on September 22, 2011.  (Criminal No. 10-0321 (PG), Docket No. 93).

On August 19, 2013, The First Circuit Court of Appeals issued a judgment affirming the conviction.  A brief was filed in which counsel could identify no non-frivolous issue on appeal. See Anders v. California, 386 U.S. 739 (1967). Advised of his right to file a *pro se* supplemental brief, petitioner did not so file, either before or after the sixty days allowed to file such a brief.  The court found the waiver of appeal clause in the plea agreement binding and saw no non-frivolous basis for arguing that enforcement of the waiver would result in a miscarriage of justice.  (Criminal No. 10-321 (PG), Docket No. 116).

CIVIL NO. 14-1023 (PG)                              5
(CRIMINAL NO. 10-0321 (PG))

## II. MOTION TO VACATE, SET ASIDE OR VACATE SENTENCE

This matter is before the court on petitioner Michael Forestier-Figueroa's timely motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on February 16, 2012. (Docket No. 1.) Petitioner argues the following points: 1) while he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, there was no evidence of any type reflecting that he carried a weapon on the day the offensive conduct occurred. He blames his trial counsel[2] for the unneeded self-incrimination; 2) petitioner blames trial counsel for not comprehending the established doctrines concerning when an off-duty officer's service weapon automatically creates an "in furtherance of" charge. He notes that petitioner's status as a law enforcement officer was never mentioned; 3) petitioner complains of the distorted translation regarding a Mexican dialect, so that in the context of the events, petitioner was a dupe and not a participant. Counsel's failure to investigate is arguably the reason for the guilty plea, since petitioner is actually innocent of the charge.

Petitioner argues further he did not know that he could have proceeded to trial on just the weapons charge. He speculates as to what his likely sentence would have been had he proceeded to trial since he was a minor participant. Petitioner continues to complain about the translations. He stresses that a correct

---

[2]Ernesto Hernandez-Milan was trial counsel.

CIVIL NO. 14-1023 (PG)                              6
(CRIMINAL NO. 10-0321 (PG))

translation would have reflected that he was present for a jewelry transaction. The government is also accused of serious misconduct in duping the court about the inaccurate translations and duping the defendant. Petitioner presents a defense lacking *mens rea*, emphasizing the deception and subterfuge of government agents who trapped him notwithstanding his innocence.

Petitioner argues that his appellate attorney[3] did not raise any of these issues on direct appeal and that this is the first time he has been able to raise them. He does not cite any case law in support of his request for extraordinary relief.

On January 30, 2014, in response to the section 2255 motion, the government notes that petitioner is a former police officer from the Puerto Rico Police Department who was indicted for providing armed protection in a 7-kilogram drug transaction (sham cocaine) on behalf of a person he believed was a drug trafficker. The government notes that petitioner is actually attacking the weight and sufficiency of the evidence, something that cannot be done via collateral attack. It also notes the extremely beneficial plea agreement that was negotiated. The lack of development of the argument regarding an off-duty officer is also noted. As to the claim of actual innocence, the government refers to the transcript of the colloquy at the change of plea hearing which not only

---

[3]Daniel Klubock, Feinberg & Kamholtz, Boston, Massachusetts.

CIVIL NO. 14-1023 (PG)                              7
(CRIMINAL NO. 10-0321 (PG))

reflects the core questioning of a Rule 11 proceeding, but which quotes petitioner's own words where he admits the delictive conduct as outlined by the Assistant United States Attorney. The government stresses that petitioner agreed to facts which he now denies. The government emphasizes that petitioner has procedurally defaulted on his claims because he should have raised them on appeal. Because he did not raise the issues of the voluntariness of his plea, he has therefore procedurally defaulted on the argument he now raises for the first time.

Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully or opaquely pleaded, than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Valdivia-Delgado v. United States, 2015 WL 736342 at *8 (D.P.R. Feb. 20, 2015); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Having considered petitioner's arguments and the government's response, and for the reasons set forth below, I recommend that petitioner Forestier-Figueroa's motion to vacate, set aside, or correct sentence be DENIED. I also note in passing the similarity of this federal habeas corpus with a number of 2255

CIVIL NO. 14-1023 (PG)　　　　　　　　8
(CRIMINAL NO. 10-0321 (PG))

motions filed by convicted police officers, all alleging ignorance of the law, of the facts, lack of evidence and poor representation by counsel, and all also procedurally defaulted.

### III.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

It is well settled that the Sixth Amendment right to counsel guarantees effective counsel. See Strickland v. Washington, 466 U.S. 668, 686-87, 104 S. Ct. 2052 (1984); United States v. Ortiz, 146 F.3d 25, 27 (1st Cir. 1998). Nevertheless, petitioner bears a "very heavy burden" in his attempt to have his sentence vacated (or modified) premised on an ineffective assistance of counsel claim.  See Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).   This is particularly true in this circuit where a lawyer's performance is deficient under Strickland ". . .only where, given the facts known at the time, counsel's choice was so patently unreasonable

CIVIL NO. 14-1023 (PG)                             9
(CRIMINAL NO. 10-0321 (PG))

that no competent attorney would have made it." <u>United States v. Rodriguez</u>, 675 F.3d 48, 56 (1st Cir. 2012), quoting <u>Tevlin v. Spencer</u>, 621 F.3d 59, 66 (1st Cir. 2010), which in turn quotes <u>Knight v. Spencer</u>, 447 F.3d 6, 15 (1st Cir. 2006); <u>Aguasvivas-Castillo v. United States</u>, __F. Supp. 3d __, 2014 WL 4953245 at *4, (D.P.R. Sept. 30, 2014).

The United States Supreme Court has developed a two-pronged test to determine whether a criminal defendant was denied his or her constitutionally guaranteed effective assistance of counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. at 687, 104 S. Ct. 2052.  Pursuant to this test, petitioner Forestier-Figueroa must first establish that his attorney in the criminal proceedings, Ernesto Hernandez-Milan, was deficient in that the quality of his legal representation fell below an objective standard of reasonableness. <u>See</u> <u>id.</u> at 688, 104 S. Ct. 2052; <u>Rosenthal v. O'Brien</u>, 713 F.3d 676, 685 (1st Cir. 2013); <u>Encarnacion-Montero v. United States</u>, 34 F. Supp. 2d 202, 205 (D.P.R. 2014).  In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" <u>Tejeda v. Dubois</u>, 142 F.3d 18, 22 (1st Cir. 1998) (citing <u>Strickland v. Washington</u>, 466 U.S. at 690, 104 S. Ct. 2052).  Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable

CIVIL NO. 14-1023 (PG)
(CRIMINAL NO. 10-0321 (PG))

10

professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (citing Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (citing, Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052); see also Burger v. Kemp, 483 U.S. 776, 789, 107 S. Ct. 3114 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (citing Strickland v. Washington, 466 U.S. at 691, 104 S. Ct. 2052); Campuzano v. United States, 976 F. Supp. 2d 89, 99 (D.P.R. 2013). Thus, petitioner must affirmatively "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. 2052); Encarnacion-Montero v. United States, 34 F. Supp. 2d at 205. That is, if petitioner succeeds in showing deficiencies in his legal representation, then he must conclusively establish that said deficiencies operated a real prejudice against him in the

CIVIL NO. 14-1023 (PG)
(CRIMINAL NO. 10-0321 (PG))
                                        11

criminal proceedings.  See Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. 2052.

There is no doubt that the cited two-part test also applies to representation outside of the trial setting, which would include sentence and appeal.  See Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d at 468-69, abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000); Bracero v. United States, 2015 WL 1098637 at *6.   In Hill v. Lockhart, *supra*, the Supreme Court applied Strickland's  two-part test to ineffective assistance of counsel claims in the guilty plea context.  Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366 (1985) ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."); Torres-Santiago v. United States, 865 F. Supp. 2d 168, 178 (D.P.R. 2012).  As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases].  The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. at 58-59, 106 S. Ct. 366.  Accordingly, petitioner would have to show that

CIVIL NO. 14-1023 (PG)      12
(CRIMINAL NO. 10-0321 (PG))

there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S. Ct. 366; Toro-Mendez v. United States, 976 F. Supp. 2d 79, 86 (D.P.R. 2013).

Assuming that counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that this resulted in prejudice to his case. See Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S. Ct. 2052); Bracero v. United States, 2015 WL 1098637 at *6.

It is clear that the court addressed the traditional Rule 11 core concerns at the change of plea hearing. That is, the court instructed the petitioner, a former police officer of the Commonwealth of Puerto Rico, as to the nature of the charges, the consequences of his pleading guilty, including the possible sentence that petitioner would be facing, and assuring the absence of coercion, that is, the voluntariness of the guilty plea. See United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995); Nieves-Ramos v. United States, 430 F. Supp.2d 38, 43-44 (D.P.R. 2006). (Criminal No. 10-0321 (PG), Docket No. 113 at 5-11, 13-15). Petitioner noted his satisfaction with counsel's representation. A factual summary of the evidence was provided and petitioner agreed to the same. (Criminal No. 10-0321 (PG), Docket No. 113 at 14-15).

CIVIL NO. 14-1023 (PG)
(CRIMINAL NO. 10-0321 (PG))
13

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Lefkowitz v. Newsome, 420 U.S. 283, 288, 95 S. Ct. 886 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973)); see Perocier-Morales v. United States, 887 F. Supp. 2d 399, 417 (D.P.R. 2012); Nieves-Ramos v. United States, 430 F. Supp. 2d at 43; Caraballo Terán v. United States, 975 F. Supp. 129, 134 (D.P.R. 1997).

There was a waiver of appeal clause in the plea agreement, and the court explained the same to petitioner at the plea hearing, but at sentencing, the court explained why the waiver was valid. It therefore did not inform petitioner of his right to appeal. Notwithstanding that information, petitioner appealed and the court of appeals agreed with the district court and found the waiver valid after reviewing the same record I have reviewed.

## IV. PROCEDURAL DEFAULT

I address the matter of procedural default and stress that all the arguments have not only been procedurally defaulted, but also ignore the fact that federal habeas corpus is an extraordinary remedy, not meant to take the place of comparably friendly appellate review.

CIVIL NO. 14-1023 (PG)            14
(CRIMINAL NO. 10-0321 (PG))

>A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which [s]he complains.

United States v. Sampson, 820 F. Supp.2d 202, 220 (D.Mass. 2011), citing Owens v. United States, 483 F.3d at 56, also citing Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.") To obtain collateral relief in this case, petitioner must show cause excusing his double procedural default and actual prejudice resulting from the errors he is complaining about. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982). Ineffective assistance of counsel can clearly supply the cause element of the cause and prejudice standard. See Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986), cited in Bucci v. United States, 662 F.3d 18, 29 (1st. Cir. 2011); Acosta-Andujar v. United States, 2014 WL 7915315 at *8 (D.P.R. Feb. 18, 2014). However, petitioner has failed to show that defense counsel's representation was constitutionally ineffective under the Strickland two-part inquiry in terms of providing a reason why this issue is being presented here for the first time. Thus, petitioner's argument now suffers from

CIVIL NO. 14-1023 (PG)
(CRIMINAL NO. 10-0321 (PG))                15

double procedural default, that is, failure to initially attack the validity of the basis for conviction by not moving to withdraw his guilty plea at the trial level, and failure to raise the issue on appeal as the government noted in its response.  See United States v. Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594.

It is hornbook law that ". . .the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.  Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousely v. United States, 523 U.S. at 621, 118 S. Ct. 1604; see Casas v. United States, 576 F. Supp. 2d at 323.  See Ruperto v. United States, 2013 WL 5797373 at *3 (D.P.R. October 28, 2013).

> In any event, it is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit him convenience to do so." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quoting United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." Torres-Quiles v. United States, 379 F. Supp. 2d 241, 248-49 (D.P.R. 2005) (citing United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997)).  Thus, the petitioner "should not be heard to controvert his Rule 11 statements . . . unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). . . . In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'" Otero-Rivera v. United States, 494 F.2d 900,

CIVIL NO. 14-1023 (PG)  16
(CRIMINAL NO. 10-0321 (PG))

902 (1st Cir. 1974) (quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961)).

Perocier-Morales v. United States, 887 F. Supp.2d at 417-18.

Petitioner's arguments about counsel's ignorance, the Mexican translation, and the off-duty officer theory are undeveloped red herrings which do not reach a constitutional level worthy of federal habeas corpus relief.  Petitioner was clear and crisp in his answers at the plea hearing as well as at the sentence.

Finally, petitioner received a favorable sentence if one considers the mandatory statutory minimum he originally faced if he proceeded to trial.

## V. ACTUAL INNOCENCE

Petitioner may override procedural default by demonstrating actual factual innocence.  Schlup v. Delo, 513 U.S. 298, 327-28, 115 S. Ct. 851 (1995), cited in Fernandez-Malave v. United States, 502 F. Supp. 2d at 239. See Pinillos v. United States, 990 F. Supp. 2d 83, 100 (D.P.R. 2013).  That is, petitioner can avoid the procedural bar by demonstrating that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." Schlup v. Delo, 513 U.S. at 327, 115 S. Ct. 851, cited in Parrilla-Tirado v. United States, 445 F. Supp 2d 199, 201 (D.P.R. 2006); Bracero v. United States, 2015 WL 1098637 at *9.  Again, in Bousley v. United States, 523 U.S. at 623, 118 S. Ct. 1604, the Supreme

CIVIL NO. 14-1023 (PG)                    17
(CRIMINAL NO. 10-0321 (PG))

Court explained that, '[t]o establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him]'." Lorentsen v. Hood, 223 F.3d at 954.  See Rosa-Carino v. United States, 2015 WL 274165 at *10 (D.P.R. 2015).  Petitioner must demonstrate that he is actually innocent of knowingly possessing a firearm in furtherance of a drug trafficking crime.  In this case, actual innocence means factual innocence, not mere legal insufficiency.  His argument which is internally inconsistent and inconsistent with what he stated at the change of plea hearing proves fatal to any chance of overcoming default. The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases. See Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496 106 S. Ct. 2639 (1986); Rodriguez v. Martinez, 935 F. Supp. 2d 389, 396-97 (D.P.R. 2013).  This is not an exceptional case.  As are the dozens of similar reverse sting cases in this district, this is a garden-variety reverse sting operation.  This law enforcement officer fell as did many others before him.

   A guilty plea serves as a stipulation that no proof by the prosecution is further needed, since it supplies both evidence and verdict, thus ending the controversy. Boykin v. Alabama, 395 U.S. 238, 242 n. 4, 89 S. Ct. 1709 (1969). See Perez v. United States, 2007 WL 1830510 at *5 (D.P.R. June 25,

CIVIL NO. 14-1023 (PG)                              18
(CRIMINAL NO. 10-0321 (PG))

2007).  The guilty plea is an admission that petitioner committed the crime charged against him.  United States v. Broce, 488 U.S. 563, 570, 109 S. Ct. 757 (1989), cited in United States v. Correa-Manso, 2006 WL 1514364 at *3 (D.P.R. May 30, 2006).

## VI. CONCLUSION

Federal habeas corpus is an extraordinary remedy and is granted sparingly.  This case does not invite an extraordinary remedy.  Petitioner entered into an agreement with the government.  The government showed a degree of mercy in negotiating the plea, both in drug quantity, which eliminated the customary statutory minimum, but also by ignoring petitioner's law enforcement officer status in the guideline calculation.

In view of the above, I find that petitioner Michael Forestier-Figueroa has failed to establish that his counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. at 686-87, 104 S. Ct. 2052 ; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).  Furthermore, even assuming that  petitioner has succeeded in showing a deficiency in his legal representation, which he has failed to do, he is unable to establish that any deficiency resulted in a prejudice against him in the criminal proceedings.  See Owens v. United States, 483 F.3d at 63 (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S. Ct. 2052).   The

CIVIL NO. 14-1023 (PG)                                    19
(CRIMINAL NO. 10-0321 (PG))

conviction rate for corrupt police officers in this court is as high as the general conviction rate of 95%+.  And just as 97% of all defendants nationwide, petitioner decided to enter a guilty plea.  Lafler v. Cooper, 566 U.S. ___, 132 S. Ct. 1376, 1388 (2012).  Had petitioner been convicted after trial on the indictment, he faced a minimum term of 15 years in prison.  It is therefore impossible to find that claimed errors have produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Knight v. United States, 37 F.3d at 772 (quoting Hill v. United States, 368 U.S. at 428); Landron-Class v. United States, __F. Supp. 3d __, 2015 WL 629301 at *5 (D.P.R. Feb. 11, 2015).  Petitioner received a better sentence than the one negotiated.  Cf. United States v. Nieves-Velez, 28 F. Supp. 3d 131, 133-34 (D.P.R. 2014).

     Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 1) be DENIED.

     Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029 (2003); Slack v.

CIVIL NO. 14-1023 (PG)                                    20
(CRIMINAL NO. 10-0321 (PG))

McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); Lassalle-Velazquez v. United States, 948 F. Supp. 2d 188, 193 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

In San Juan Puerto Rico this 30th day of March, 2015.

S/ JUSTO ARENAS
United States Magistrate Judge